**Marshall Wexler**
 4193 Flat Rock Drive Suite 200-
#439
Riverside CA 92505
3477994984 or 6467455627
Mwexleresq@gmail.com

### UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marshall A. Wexler,<br><br>Plaintiff,<br><br>v.<br><br>UCSF DENTAL, an entity; Kristi Abrahamsen, RDA DAADOM; Supritha Komarisetty; Mariam z2640; Individual Dentists and Supervisors (Does 1-12),<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT FOR COMPENSATORY,AND PUNITIVE DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Marshall A. Wexler Esq. proceeding pro se, hereby alleges as follows:

**PARTIES**

1. **Plaintiff**: Marshall A. Wexler is an individual residing at 5434 Geary Blvd. #1, San Francisco, CA 94121 at the time the incident took place.
   **Defendants**:
2. **University of California: San Francisco ("UCSF") Dental**: UCSF Dental is a business entity, operating as a dental healthcare provider located in San Francisco, California.
3. **Kristi Abrahamsen, RDA DAADOM**: Clinical supervisor at UCSF Dental.
4. **Supritha Komarisetty**: Student dentist at UCSF Dental.
5. **Mariam z2640**: Student dentist at UCSF Dental.
6. **Individual Defendants (Does 1-12)**: These are dental professionals employed by UCSF Dental, including dentists, dental assistants, and supervisors, whose identities are unknown to Plaintiff at this time.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's claims for the deprivation of rights, privileges, and immunities secured by the Constitution of Laws of the United States and the Constitution of Laws of the State of California specifically the First and 4th Amendments and there incorporation to apply to the states via the 14th Amendment to the US Constitution pursuant to title 42 U.S.C. § 1983.

2. The Court's Jurisdiction is founded on Title 28 U.S.C. § 1331; in that this is a civil action arising under the Constitution, laws, or treaties of the United States. This Court's Jurisdiction is also founded on Title 42 U.S.C. § 1343; in that Plaintiff is seeking redress for the depravation under color of California State law, statute, ordinance, regulation, custom and usage of rights, privileges and immunities secured but the constitution of the United States, and Title 42 U.S.C. § 1983.

3. This Court has Jurisdiction over Plaintiff's claims for violations of California State Law, the common law torts breach of contract, assault and battery, and negligence in the hiring and retention of police officers under the laws of the State of California, pursuant to Title 28 U.S.C. § 1367.

4. Venue is proper in this District because pursuant to Title 28 U.S.C. § 1391 (b)(2) a substantial part of the events giving rise to the claim happened in this District.

## 5. TRIAL BY JURY DEMANDED

6. Plaintiff respectfully demands a trial by jury of all issues that are triable by jury.

## FACTUAL ALLEGATIONS

5. On July 9, 2024, Plaintiff scheduled and attended an appointment at UCSF Dental for a routine cleaning, examination, and X-rays.

6. During the visit,  because of Plaintiff's Jewish last name and identity, he was subjected to discriminatory comments based on race and ethnicity by the dental staff, including the dentist Supritha and an assistant, **Mariam z2640.**

7.  **Specifically, Dr. Supritha** stated that "white people don't have anxiety" and made comments about Plaintiff being "attractive," which were unprofessional and inappropriate.

8. Plaintiff was subjected to a painful and unnecessary D0180 periodontal exam, which was not properly explained and caused undue physical discomfort and he did not consent to.

9. Plaintiff wanted a teeth cleaning and was promised that he would have one but instead he was subjected to unnecessary and painful tests.

10. The exam involved excessive probing of Plaintiff's gums, leading to bleeding and pain. These actions were performed by **Supritha Komarisetty**, under the supervision of **Mariam z2640**, with the latter contributing to the excessive and unnecessary nature of the procedures.

11. Despite agreeing to a routine cleaning and exam, Plaintiff was not provided with the cleaning and was instead subjected to prolonged and unnecessary procedures, including 19 X-rays, far more than is typically required for a standard exam.

12. The whole appointment lasted three hours, even though a routine cleaning only takes 30 minutes, and the unknown student dentists appeared and were laughing at Plaintiff.

13. Plaintiff did not consent to the D0180 exam and was not adequately informed about its purpose or potential risks. The dentist's use of the periodontal probe and the bite plate was intentionally painful and was not done for legitimate medical reasons.

14. Plaintiff was still charged for the cleaning he paid for but did not receive and exam he did not consent for or need.

15. As a result of these actions, Plaintiff suffered physical pain, emotional distress, and a loss of trust in the professionalism of the UCSF Dental staff.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

16. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

17. On July 9, 2024, Plaintiff attended an appointment at UCSF Dental for a routine cleaning, examination, and X-rays. During this appointment, Plaintiff was subjected to discriminatory and offensive comments based on his Jewish last name and identity. Specifically, Dr. Supritha made racially insensitive comments, including a statement that "white people don't have anxiety," and also made inappropriate remarks about Plaintiff being "attractive."

18. Furthermore, Plaintiff was subjected to unnecessary and painful medical procedures, including a D0180 periodontal exam, without proper explanation or consent. These actions caused Plaintiff significant physical pain, emotional distress, and a loss of trust in the dental staff's professionalism.

19. Defendant's conduct was outrageous and extreme, going beyond the bounds of decency. T

20. he discriminatory comments made by Dr. Supritha, the unnecessary and painful medical procedures, and the lack of informed consent all constitute outrageous conduct.

21. This includes the excessive and non-consensual procedures that caused Plaintiff physical pain and emotional harm, as well as the racially discriminatory remarks made by the dental staff.

22. Defendant, through the actions of Dr. Supritha and the assistant Mariam z2640, either intended to cause emotional distress or acted with reckless disregard for the likelihood that Plaintiff would suffer emotional distress.

23. The racial comments, inappropriate remarks about Plaintiff's appearance, and the unnecessary medical procedures were all conducted with a disregard for Plaintiff's emotional well-being and consent.

24. Plaintiff suffered severe emotional distress as a result of Defendant's conduct.

25. This distress included anxiety, humiliation, and emotional trauma caused by the discriminatory comments and the unnecessary, painful, and prolonged medical procedures.

26. Plaintiff's loss of trust in the UCSF Dental staff and the impact on his mental well-being are clear indicators of the distress caused.

27. Plaintiff's emotional distress. The combination of discriminatory remarks, excessive and painful medical procedures, and failure to provide the promised routine cleaning contributed directly to Plaintiff's suffering and distress.

**Next Cause of Action: Discrimination (Unruh Civil Rights Act, Civil Code §**
**51)** *Civ. Code, § 51 et seq.; see CACI No. 3067, Unruh Civil Rights Act – Damages*

1. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

2. The actions of Defendants, including making discriminatory comments based on Plaintiff's race and ethnicity, and providing substandard care, constitute discrimination in violation of the Unruh Civil Rights Act, California Civil Code Section 51. This law prohibits discrimination in places of public accommodation, including healthcare settings.

3. Defendants' discriminatory actions caused Plaintiff to suffer emotional distress, humiliation, and loss of confidence in his care.

4. As a result, Plaintiff is entitled to recover actual and punitive damages for violations of his civil rights under the Unruh Civil Rights Act.

5. The Unruh Civil Rights Act prohibits all forms of discrimination by business establishments in California based on race, ethnicity, religion, or other protected characteristics, as defined by California Civil Code § 51(b).

6. UCSF Dental, as a business establishment open to the public, is obligated to comply with the Unruh Civil Rights Act by providing equal access and nondiscriminatory treatment to all patients, regardless of their race, ethnicity, or religion.

7.  On July 9, 2024, Defendants, including staff members Kristi Abrahamsen, Supritha Komarisetty, and Mariam z2640, engaged in discriminatory conduct against Plaintiff based on his race and ethnicity.

8.  During Plaintiff's appointment, Defendants made disparaging remarks about Plaintiff's Jewish identity, including but not limited to comments from Defendant Supritha Komarisetty such as "white people don't have anxiety" and other inappropriate remarks.

9.  The discriminatory comments created a hostile and unwelcoming environment, causing Plaintiff emotional distress, humiliation, and a loss of confidence in Defendants' ability to provide equitable healthcare services.

10. Additionally, Defendants' actions, including subjecting Plaintiff to excessive and unnecessary procedures, deviated from standard medical practices and reflected discriminatory motives rooted in bias rather than medical necessity.

11. As a result of Defendants' discriminatory conduct, Plaintiff has suffered damages, including but not limited to, emotional distress, humiliation, and loss of dignity; Physical pain and suffering caused by unnecessary and excessive procedures; Economic losses related to obtaining subsequent treatment and addressing harm caused by Defendants.

12. Defendants' conduct was intentional, reckless, and in direct violation of the Unruh Civil Rights Act, entitling Plaintiff to actual damages, statutory

damages of at least $4,000 per violation, and punitive damages to deter such unlawful behavior in the future.

## Next Cause of Action: Assault and Battery

15. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

16. The actions of Defendants, including the repeated and unnecessary use of the periodontal probe by **Supritha Komarisetty**, and unknown an Xray technician, causing bleeding and pain, and the intentional placement of the bite plate in a manner that caused extreme discomfort, constitute assault and battery.

17. Plaintiff did not consent to these actions, and Defendants' conduct was not authorized by Plaintiff in any manner.

18. As a result of Defendants' actions, Plaintiff suffered physical pain, emotional distress, and humiliation, for which Plaintiff is entitled to recover damages, including medical expenses, pain and suffering, and punitive damages.

## Next Cause of Action: Bad Faith Breach of Contract

19. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

20. At the time of Plaintiff's appointment, a contract was formed between Plaintiff and Defendants for dental services, including a routine cleaning, exam, and X-rays. Plaintiff agreed to these services in exchange for payment.

21. Defendants breached this contract intentionally by promising to perform a cleaning and then by purposefully not providing the agreed-upon services, even though there was ample time to do so ( 3 +hours) including withholding the cleaning, performing unnecessary and painful procedures (D0180 exam), and subjecting Plaintiff to excessive X-rays and charging him for the procedure after it was done.

22. As a result of Defendants' breach of contract, Plaintiff has suffered economic damages, including the cost of the unnecessary procedures and emotional distress.

## Next Cause of Action: Unfair Business Practices (California Business & Professions Code § 17200)

23. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

24. Defendants have engaged in unfair business practices under California Business & Professions Code Section 17200 by providing excessive and unnecessary medical procedures, misleading Plaintiff about the nature of the care provided, and engaging in discriminatory and unprofessional conduct.

25. Defendants' actions have caused harm to Plaintiff and other patients by violating consumer protection laws and misrepresenting the dental services provided.

26. Based on the Google Reviews alone this dentist is not helping people its hurting them.

27. Plaintiff is entitled to restitution, disgorgement of profits, and an injunction to prevent Defendants from continuing these unfair business practices.

**Fifth Cause of Action: Medical Experimentation and Lack of Informed Consent**

27. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

28. During Plaintiff's appointment on July 9, 2024, Defendants engaged in actions that deviated from standard medical practices and may constitute medical experimentation without Plaintiff's consent.

29. These actions included but were not limited to performing excessive and unnecessary procedures, such as a D0180 periodontal exam and 19 X-rays, which were not explained or justified based on Plaintiff's medical needs.

30. Plaintiff believes these procedures were part of an informal or unacknowledged experimental protocol intended to test the limits of patient tolerance or to replicate alleged practices attributed to a deceased Jewish dentist in El Cajon, California, who was reportedly murdered for mistreatment of the murderer, so that they can help bolster their own theory between fellow students , and the murderers family and community supporters that the murder of the Jewish Dentist, Ben Harouni, in San Diego by a former patient Mohammed Abdulkareem, was not terrorism motivated by Anti Semitism, because Abdulkareem was merely a disgruntled patient.

31. This event was surely in the minds of the Islamic student dentists at the California Dentist school, because Plaintiff, who is not a dentist, was aware of it because he identifies as Jewish.

32. Such experimentation, if conducted, violated Plaintiff's rights under California and federal law, including rights to informed consent and ethical treatment in medical settings.

33. As a direct result of Defendants' actions, Plaintiff has suffered physical pain, emotional distress, and a loss of trust in healthcare providers.

34. Plaintiff seeks damages for the harm caused by Defendants' unauthorized and unethical conduct, including compensation for physical and emotional harm and punitive damages for willful misconduct.

## Next Cause of Action: Violation of the Civil Rights Act of 1964, Title II, Section 201

35. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

36. Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a) prohibits discrimination in places of public accommodation based on race, color, religion, or national origin.

1. UCSF Dental operates as a business establishment open to the public, providing dental care services to individuals regardless of race, color, religion, or national origin.

2. On July 9, 2024, during Plaintiff's appointment at UCSF Dental, Defendants, including staff members Kristi Abrahamsen, Supritha Komarisetty, and Mariam z2640, and the Xray tech engaged in discriminatory conduct against Plaintiff based on his race, ethnicity, and religion.

3. Specifically, Plaintiff, who identifies as Jewish, was subjected to disparaging comments and discriminatory treatment, including but not limited to statements by Defendant Supritha Komarisetty that "white people don't have anxiety" and other unprofessional and prejudicial remarks.

4. Defendants further engaged in discriminatory conduct by deviating from standard medical practices and subjecting Plaintiff to excessive, unnecessary, and painful procedures without informed consent, which were motivated, in part, by Plaintiff's Jewish identity.

5. These actions created a hostile and discriminatory environment, denying Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered by UCSF Dental, in violation of Title II of the Civil Rights Act of 1964.

6. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered emotional distress, humiliation, physical pain, and economic harm.

**Next Cause of Action: Violent Act Motivated by Discrimination**

**Ralph Act - (Civ. Code, § 51.7)**

7.  Plaintiff incorporates by reference all prior allegations as though fully set forth here.

8.  Defendants, including staff members Kristi Abrahamsen, Supritha Komarisetty, and Mariam z2640, and the Xray tech committed acts of violence and non-consensual medical procedures against Plaintiff because of his religion and ethnicity and race.

9.  Defendants committed a violent act against Plaintiff and made him pay them for it.

10. The substantial motivating reason for Defendants' conduct was from Plaintiff's Jewish religion and identity, race, and ethnicity, he has a Jewish name and told Supritha he was Jewish.

11. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

12. During the July 9, 2024, appointment at UCSF Dental, Defendants engaged in actions that constituted a violent act against Plaintiff.

13. Specifically, Defendants performed excessive and unnecessary procedures, including the use of a periodontal probe and bite plate in a manner that caused significant physical pain and emotional distress.

14. These actions were motivated by discriminatory animus toward Plaintiff's Jewish identity and ethnicity.

15. As a result of Defendants' conduct, Plaintiff has suffered physical and emotional harm, including but not limited to, Physical pain and injuries caused by the unnecessary procedures, Emotional distress, humiliation, and mental anguish, Economic losses incurred from addressing the harm caused.

**Next Cause of Action: Intentional Interference with Civil Rights by Threats, Intimidation, or Coercion 42 U.S.C Section 1985**

16. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

17. Defendants Supritha Miriam and the Xray technician intentionally interfered with his civil rights by violence.

18. Defendants acted violently against Plaintiff to prevent him from exercising his right to receive equitable and nondiscriminatory healthcare and to retaliate against Plaintiff for having attempted to exercise such a right, and for being a Jew.

19. Defendants intended to deprive Plaintiff of his enjoyment of the interests protected by the right to receive equitable and nondiscriminatory healthcare.

20. Plaintiff was harmed.

21. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

22. During the July 9, 2024, appointment at UCSF Dental, Defendants engaged in actions intended to interfere with Plaintiff's civil rights by violence, intimidation, and coercion.

23. These actions included but were not limited to, Performing excessive and unnecessary procedures, including painful probing and excessive X-rays, which caused Plaintiff physical harm and emotional distress; Making discriminatory and intimidating remarks about Plaintiff's Jewish identity, including comments by Defendant Supritha Komarisetty such as "white people don't have anxiety".

24. Using Plaintiff's vulnerability as a patient to subject him to coercive and harmful actions without consent.

25. Defendants Supritha and Mariam told Plaintiff they would perform a cleaning on Jul 9, 2024 but instead Defendants used the opportunity to trick Plaintiff into consenting performing painful and intentional DR0150 exams with sharp dental implements on Plaintiff to inflict pain and bleeding on him knowing they would not perform the cleaning.

26. Plaintiff was still charged for the cleaning he paid for, but did not receive the cleaning, his time was wasted and he was forced to undergo a painful and embarrassing exam he did not consent for.

27. These actions were designed to deprive Plaintiff of his right to equitable healthcare and retaliate against Plaintiff based on his Jewish identity and ethnicity.

28. As a result of Defendants' actions, Plaintiff suffered physical pain and injuries caused by the unauthorized procedures, emotional distress, humiliation, and mental anguish, economic losses incurred from addressing the harm caused by Defendants' actions.

**Next Cause of Action**

**Violation of the First Amendment – Retaliation Under Color of Law**

29. Plaintiff incorporates by reference all prior allegations as though fully set forth here.

30. Defendants, while acting under color of law, retaliated against Plaintiff by subjecting him to excessive and unnecessary medical procedures, discriminatory remarks, and abusive conduct in retaliation for Plaintiff's protected speech and conduct in asserting his rights to equitable healthcare and expressing his concerns about discrimination, in violation of the First Amendment to the United States Constitution.

31. A person's right to speak freely and to express concerns about discrimination or inequitable treatment is protected by the Constitution.

32. **Protected Speech or Conduct**: That Plaintiff engaged in protected speech or conduct, including but not limited to expressing concerns about discriminatory treatment based on his Jewish identity and advocating for his right to equitable healthcare.

33. **Retaliation**: That Defendants retaliated against Plaintiff by subjecting him to unnecessary and harmful medical procedures, excessive X-rays, and discriminatory and coercive comments.

34. **Motivating Factor**: That Plaintiff's protected speech or conduct was a motivating factor in Defendants' decision to engage in the above-described retaliation.

35. **Deterrence**: That Defendants' retaliation would likely deter a similarly situated reasonable person from engaging in similar protected speech or conduct.

36. **Color of Law**: That Defendants acted under color of law.

37. During the July 9, 2024, appointment at UCSF Dental, Defendants retaliated against Plaintiff by performing excessive and unnecessary medical procedures, causing physical pain and emotional distress.

38. Subjected Plaintiff to discriminatory and intimidating remarks, including comments about his Jewish identity, such as, "white people don't have anxiety," made by Defendant Supritha Komarisetty.

39. Defendants Abused their authority as healthcare providers to retaliate against Plaintiff for asserting his rights and expressing concerns about discriminatory treatment.

40. As a result of Defendants' actions, Plaintiff suffered Physical pain and injuries caused by the unauthorized procedures; Emotional distress, humiliation, and mental anguish; Economic losses incurred from addressing the harm caused by Defendants' actions.

**WHEREFORE**, under this cause of action, Plaintiff respectfully requests judgment against Defendants as follows:

A) Actual damages, including but not limited to compensation for emotional distress and physical pain;
B) Statutory damages of at least $4,000 for each violation of the Unruh Civil Rights Act;
C) Punitive damages in an amount sufficient to deter Defendants from engaging in similar conduct in the future;
D) Injunctive relief to prohibit Defendants from engaging in discriminatory practices and to ensure compliance with the Unruh Civil Rights Act;
E) Attorney's fees and costs pursuant to California Civil Code § 52(a);
F) Restitution and disgorgement of profits for unfair business practices;
G) Injunctive Relief prohibiting Defendants from engaging in discriminatory practices and unethical conduct;
H) Attorney's Fees and costs incurred in bringing this action;
I) Any other relief the Court deems just and proper.

**Campeche, Florianapolis, Brazil**

**Dated:** 01/10/2025

**Respectfully submitted,**

_____

**Marshall Wexler**

4193 Flat Rock Drive Suite 200-

#439

Riverside CA 92505

3477994984 or 6467455627

Mwexleresq@gmail.com