UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**WEXLER**,

Plaintiff,

v.

**UCSF HEALTH, et al.,**

Defendants.

| Case No. 25-cv-0377

| Assigned to: Hon. Trina L. Thompson

CASE MANAGEMENT STATEMENT

**(Submitted by Plaintiff Wexler)**

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order of Judge Trina L. Thompson, Plaintiff **Wexler**, appearing pro se, respectfully submits the following Case Management Statement:

1. JURISDICTION AND SERVICE

- This Court has **federal question jurisdiction** under 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law and the U.S. Constitution, including alleged violations of civil rights statutes and the Affordable Care Act.

- The Court also has **supplemental jurisdiction** over related state law claims pursuant to 28 U.S.C. § 1367.
- **Service of process** has been completed on all known parties. However, Plaintiff is currently unaware of the full identity of certain individuals involved in the alleged incident—specifically the X-ray technician—and seeks leave to identify and name these parties through discovery pursuant to **Federal Rules of Civil Procedure 10(a) and 21**.

## 2. FACTS

- Plaintiff alleges that **UCSF Health**, along with certain individuals, engaged in **non-consensual medical experimentation, torture, and civil rights violations** during what was scheduled to be a routine dental cleaning.
- Plaintiff disputes Defendants' version of events and asserts that the procedures performed were unnecessary, painful, and conducted without proper or informed consent.
- Plaintiff seeks **monetary damages** and **injunctive relief** to prevent future occurrences.

## 3. LEGAL ISSUES

The primary legal issues include:

- Whether Defendants' actions violated Plaintiff's rights under the **U.S. Constitution**, the **Affordable Care Act**, and applicable **federal civil rights statutes**;
- Whether Plaintiff provided valid consent for the procedures performed;
- Whether the conduct constituted **torture** or **unlawful human experimentation**;
- Whether Defendants violated laws prohibiting **unfair or deceptive business practices**;
- Whether certain Defendants may assert **immunity** or other defenses under federal or state law;

- The appropriate scope of discovery and whether amendment of the complaint is warranted.

## 4. MOTIONS

- Defendants have filed a **Motion to Dismiss and Strike**, which remains pending.
- Plaintiff previously filed a **First Amended Complaint** prior to the recusal of Judge Charles R. Breyer.
- Plaintiff intends to file a **comprehensive opposition** to the pending motion and respectfully requests that Defendants coordinate future filings to avoid duplicative litigation.

## 5. AMENDMENT OF PLEADINGS

- Plaintiff anticipates seeking leave to **further amend the complaint**, contingent upon new facts obtained through discovery, especially regarding unidentified parties.

## 6. EVIDENCE PRESERVATION

- Plaintiff affirms that all relevant evidence has been preserved and requests that Defendants do the same, including preservation of any **video or audio recordings**, internal communications, and other documentation related to the incident.

## 7. DISCLOSURES

- The parties have **not yet exchanged initial disclosures** under Rule 26(a)(1).

- Plaintiff is ready and willing to participate in a prompt **Rule 26(f) conference** to set deadlines for disclosures and discovery.

## 8. DISCOVERY

Plaintiff anticipates discovery will be required on the following topics:

- The **training and credentials** of the dentist and staff involved;
- Existence of any **research studies or programs** related to pain tolerance or medical experimentation;
- Internal documentation and communications regarding the procedures performed;
- The **identities and roles** of all individuals present, particularly the X-ray technician;
- Any rationale or internal guidance for the deviation from a routine dental cleaning.

Plaintiff expects to seek both **written discovery and depositions**, and may issue **third-party subpoenas** if necessary.

## 9. CLASS ACTIONS

- This case is **not currently a class action**, but Plaintiff reserves the right to seek **class certification** should the factual record support it.

## 10. RELATED CASES

- Plaintiff is not aware of any **related cases** pending in this or any other jurisdiction.

## 11. RELIEF SOUGHT

- Plaintiff seeks **monetary damages** in the amount of **$9.3 million**.
- Plaintiff also seeks **injunctive relief** prohibiting Defendants from engaging in further **non-consensual experimentation or abusive medical practices**.

## 12. SETTLEMENT AND ADR

- Plaintiff attempted to initiate **settlement discussions** with Defendants' counsel. However, defense counsel has been **uncooperative**, including a refusal to disclose the identities of certain individuals.
- Plaintiff is amenable to **mediation or other ADR processes**, contingent on the exchange of preliminary disclosures necessary for good-faith negotiations.

## 13. OTHER REFERENCES

- Plaintiff does not believe that this case is suitable for reference to **binding arbitration**, a **special master**, or the **Judicial Panel on Multidistrict Litigation**.

## 14. NARROWING OF ISSUES

- Plaintiff is open to conferring with Defendants to **streamline the legal issues** and reduce redundant motions or filings.

## 15. SCHEDULING

- Plaintiff requests that a **trial date** be set following resolution of the pending Motion to Dismiss.

- Plaintiff estimates that trial will take **1 to 2 weeks** and **demands a jury trial**.
- Plaintiff further requests that the Court encourage coordinated motion practice to avoid unnecessary, piecemeal litigation.

## 16. TRIAL

- Plaintiff estimates that trial will last **no more than two weeks**.
- Plaintiff requests a **jury trial** on all triable issues.

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

- Pursuant to Civil Local Rule 3-15, Plaintiff certifies that there are **no known non-party persons, firms, partnerships, corporations, or other entities** with a financial interest in the subject matter or parties to this action.

**Sydney Australia**

**Date:** October 12, 2025

**Respectfully submitted,**

        **Marshall A Wexler**
        Pro Se Plaintiff
        4193 Flat Rock Drive
        Suite 200 room 439
        Riverside CA 92505
        Mwexleresq@gmail.com
        +1(347)799-4984