United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARSHALL WEXLER,

                    Plaintiff,

        v.

REGENTS UNIVERSITY OF
CALIFORNIA, et al.,

                    Defendants.

Case No.  25-cv-00377-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL; AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Docket Nos. 64-65

        Previously, the Court dismissed with prejudice Mr. Wexler's federal claims, denied his motion to amend to add new federal claims, and declined to exercise supplemental jurisdiction over his state law claims.  See Docket No. 60 (order).  A final judgment was entered on February 12, 2026.  See Docket No. 62 (final judgment).  Now pending before the Court are two motions filed by Mr. Wexler: (1) a motion to recuse and (2) a motion for reconsideration.  The Court hereby **DENIES** both motions.

## I.      DISCUSSION

A.      Motion for Recusal

        Mr. Wexler moves for recusal pursuant to 28 U.S.C. § 455.  Recusal is warranted where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).  In other words, the question is

> "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." [Notably,] [t]he "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." The standard "must not be so

> broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."

*United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Equally important, rulings, opinions formed, or statements made by a judge during the course of litigation are not a basis for recusal. *See id.* at 913-14 (emphasizing that there must be an extrajudicial source as a basis for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994).

In the instant case, Mr. Wexler argues that recusal is required for a number of reasons. None has merit. For example, the fact that the undersigned is a U.C. Berkeley graduate is not a sufficient basis for recusal. "Courts have commonly held that there is an insufficient showing of bias simply because a presiding judge is an alumnus of the defendant school." *Ickes v. Univ. of Cal. Coll. of the Law*, No. 25-cv-05859-EMC, 2025 U.S. Dist. LEXIS 252095, at *14 (N.D. Cal. Dec. 7, 2025); *see* also *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014) (holding that judge did not err in denying motion to recuse even though plaintiff alleged, *inter alia*, that judge was an alumnus of the university and its law school, taught classes there, and made positive comments about the school; "[a]lumni connections are not a reasonable basis for questioning a judge's impartiality, even if alumni contribute financially or participate in educational activities"); *Maurey v. Univ. of S. Cal.*, 12 Fed. Appx. 529, 532 (9th Cir. 2001) (recognizing that judge was an alumna, made small yearly donations, participated in a school fund raiser "by donating her presence at an auctioned-off meal," and served as a guest judge at the school's moot court competition, but this "amount[ed] to no more than ordinary involvement of an alumna with her alma mater and do not call into question her impartiality").

As another example, Mr. Wexler seems to suggest that the undersigned was once an employee of the state of California. That is factually incorrect.

And as yet another example, while the undersigned did previously work as a civil rights attorney or otherwise worked on civil rights matters (which included but was not limited to the representation of Fred Korematsu), that in and of itself does not create a perception of a significant risk that the undersigned would resolve the case on a basis other than the merits.

The Court underscores that, although it has not addressed in this order all bases for recusal

asserted by Mr. Wexler, it has considered all bases and finds them all insufficient. It is also worth noting that Mr. Wexler could have identified the claimed bases for recusal once the case was reassigned to the undersigned but he did not do so. His failure to do so and move for relief until after this Court entered adverse rulings against him indicates that he is essentially "judge shopping."

B.      Motion for Reconsideration

Because the Court has issued a final judgment, it construes Mr. Wexler's motion for reconsideration as a Rule 59(e) motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

> There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice . . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (same). In the case at bar, Mr. Wexler contends at most a manifest error of law or fact or a manifest injustice.

Mr. Wexler argues first that the Court manifestly erred by failing to address his proposed first amended complaint ("FAC") which contained a claim for violation of the Affordable Care Act ("ACA"). *See* 42 U.S.C. § 18116 (providing that "an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, or section 504 of the Rehabilitation Act of 1973, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance"). Mr. Wexler is incorrect. The Court's prior order expressly noted that Mr. Wexler's FAC contained new federal claims such as a violation of the ACA (discrimination). The Court then explained that "[t]he proposed new federal claims are largely dependent on theories of discrimination and

United States District Court
Northern District of California

3

conspiracy already alleged [in the original complaint]. In the proposed FAC, Mr. Wexler still fails to plausibly plead either discrimination or conspiracy." Docket No. 60 (Order at 11).

Second, Mr. Wexler argues that the Court did not, as required at 12(b)(6), "accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff." Mot. at 3. According to Mr. Wexler, it was improper for the Court to find some of his factual allegations "'fanciful,'" and "the Court effectively resolved factual disputes and assessed credibility – functions reserved for later stages of litigation." Mot. at 3. Again, Mr. Wexler is not correct. Courts are able to deem allegations fanciful at 12(b)(1) and/or 12(b)(6). *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (stating that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion") (internal quotation marks omitted); *Tessema v. EPA*, No. 1:20-cv-9700-MKV, 2021 U.S. Dist. LEXIS 121176, at *7-8 (S.D.N.Y. June 29, 2021) (noting that, at 12(b)(6), a court "has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous[;] [a]n action is frivolous when [*e.g.*] the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy") (internal quotation marks omitted).

Third, Mr. Wexler asserts that the Court manifestly erred because it dismissed his case even though he had a motion for leave to amend that was still pending. Mr. Wexler is wrong. The Court's prior order adjudicated his motion to amend. *See* Docket No. 60 (Order at 10-12).

Fourth, Mr. Wexler argues that the Court erred in dismissing his federal claims and then declining supplemental jurisdiction over the state law claims because there was original jurisdiction over the state law claims – *i.e.*, diversity jurisdiction. Mr. Wexler claims that there is complete diversity because he is not a citizen of California. However, Mr. Wexler offers no evidence to support his assertion that he is not a citizen of California, not even a declaration. Moreover, his complaint alleges that, in July 2024 (the date of the incident at issue), he resided in San Francisco, California, and his caption indicates that he lives and/or works in Riverside, California. That is consistent with the information he has provided to the California State Bar.

United States District Court
Northern District of California

4

For Mr. Wexler to now contend that he is not a citizen of California is simply not credible.

Fifth, Mr. Wexler contends that the Court failed to consider the allegedly discriminatory statement made by one of the individual defendants that "'white people do not have anxiety.'" But the prior order expressly addressed that statement. The Court noted that the single comment did not, as a matter of law, give rise to a hostile environment on the basis of race, ethnicity, or religion. Furthermore, it was not sufficient basis from which to infer that the individual defendants intentionally subjected Mr. Wexler to painful and unnecessary procedures because of his race, ethnicity, or religion.[1] *See* Docket No. 60 (Order at 7).

Sixth, Mr. Wexler argues that the Court did not consider whether he had a viable § 1983 claim for torture based on the Fourth Amendment. *See* Docket No. 60 (Order at 12) (noting that Mr. Wexler did not identify any constitutional provision to support his § 1983 claim for torture but adding that "the Eighth Amendment, which prohibits cruel and unusual punishment, sets a high bar"). But the Fourth Amendment protects against unreasonable searches and seizures only. Mr. Wexler has failed to allege that he was subjected to either a search or a seizure. *See, e.g.*, *Sanderlin v. Dwyer*, 116 F.4th 905, 911 (9th Cir. 2024) (stating that "[a] Fourth Amendment seizure occurs 'when there is a governmental termination of freedom of movement through means intentionally applied'") (emphasis omitted).

Finally, Mr. Wexler suggests that the Court should have reconsidered the prior orders entered by Judge Breyer since he subsequently recused himself. But the Court addressed that issue in the order filed at Docket No. 63 (Order at 1) (stating that "Judge Breyer's orders are not void simply because he recused himself after issuance of the orders"; adding that, in any event, the Court agreed with the legal analysis in Judge Breyer's orders).

/ / /

/ / /

---

[1] Mr. Wexler suggests that the statement was discriminatory because the individual defendants "forcibly reclassif[ied]" him as white and "denie[d] [his] Jewish racial and ethnic identity." Mot. at 6. But the Court's prior order did not make any finding that the statement was or was not discriminatory. Rather, the Court's point was that the statement – even if problematic – was not sufficient to give rise to an inference that the individual defendants subjected Mr. Wexler to torture because he is Jewish.

United States District Court
Northern District of California

## II.   CONCLUSION

For the foregoing reasons, the Court denies both Mr. Wexler's motion for recusal and his motion for reconsideration.

This order disposes of Docket Nos. 64-65.

**IT IS SO ORDERED**.

Dated: March 2, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

6