UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL WEXLER,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 25-cv-00377-EMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECUSAL AND MOTION FOR LEAVE TO AMEND**<br><br>Docket Nos. 68-69 |

Previously, the Court entered a final judgment in the case. *See* Docket No. 62 (final judgment). Following the final judgment, Mr. Wexler filed a motion to recuse and a motion for reconsideration. The Court denied both motions. *See* Docket No. 67 (order). Now pending before the Court are two additional motions filed by Mr. Wexler: (1) a second motion for recusal and (2) another motion to amend. The Court finds the matters suitable for resolution without oral argument and thus the hearings on the motions are hereby **VACATED**. Both motions are **DENIED**.

## I.    DISCUSSION

A.    Second Motion for Recusal

Mr. Wexler again moves for recusal pursuant to 28 U.S.C. § 455. Recusal is warranted where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). In other words, the question is

> "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."
> [Notably,] [t]he "reasonable person" is not someone who is

"hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer.  The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.""

*United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

The Court has reviewed the grounds for recusal identified by Mr. Wexler.  (Some of Mr. Wexler's arguments largely repeat arguments he made in his prior motion.)  Mr. Wexler's motion is predicated on a number of factual errors.  For example, the undersigned does not have any direct financial ties to the University of California as he alleges.  Nor does the undersigned's family member receive health care services from the University of California as he alleges.  There is no basis to recuse under the standard articulated in *Holland*.

B.    Motion to Amend

Because recusal is not warranted, the undersigned addresses the motion to amend.  Mr. Wexler argues that amendment is warranted under Federal Rule of Civil Procedure 15.  But Rule 15 does not govern because a final judgment has already been entered in the case.  *See Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996) (stating that, "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60").  Furthermore, Mr. Wexler has already filed a motion to reconsider under Rule 59(e), which the Court denied.

Finally, even if the Court were to entertain the merits of the motion to amend, it would deny the motion.  Mr. Wexler essentially comes up with new theories as to why this Court should exercise jurisdiction over his case – *e.g.*, by asserting a federal claim under Title IX for gender discrimination or asserting a class action claim predicated on consumer fraud.  But the proposed new claims are clearly futile.  For instance, statements that Mr. Wexler was attractive and statements asking Mr. Wexler about his dating life are not enough to give rise to a hostile environment based on sex.  *Cf Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) (in discussing a hostile work environment under Title VII, noting that "'[n]ot every insult or harassing comment will constitute a hostile work environment'" and that the "'ordinary tribulations of the workplace [include] the sporadic use of abusive language, genderrelated jokes,

United States District Court
Northern District of California

2

United States District Court
Northern District of California

and occasional teasing'"; adding that, for a single incident to give to a hostile work environment, "it 'must be extremely severe'").  Mr. Wexler's attempt to bring a class action is meritless because there is insufficient commonality to warrant class certification.  *See* Prop. FAC ¶ 253 (alleging a "Class consisting of all patients of UC Health SF Dentist School who paid for treatment services that they never received or received these services in a form of quality that does not conform to the applicable standard of professional care to dentists").

## II.   CONCLUSION

For the foregoing reasons, Mr. Wexler's motions for relief are denied.  If Mr. Wexler does not agree with any of the Court's rulings, his remedy is to appeal, not to file additional motions (including but not limited to motions to recuse, reconsider, or amend).  Mr. Wexler shall not make any additional filings in this case unless and until he prevails in an appeal or the Ninth Circuit so directs.  Should Mr. Wexler continue to make a filing in this case without one of those circumstances being applicable, his filing is deemed (in advance) stricken and the Court shall take no further action.  This case remains closed.

This order disposes of Docket Nos. 68 and 69.

**IT IS SO ORDERED**.

Dated: March 9, 2026

_____
EDWARD M. CHEN
United States District Judge